# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 12, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**TEDDY WHITE,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0527** (BOR Appeal No. 2049957)
(Claim No. 2014014204)

**GATEWAY EAGLE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Teddy White, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gateway Eagle, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 30, 2015, in which the Board affirmed an October 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 10, 2014, and December 16, 2013, decisions which held the claim compensable for a lumbar sprain but excluded disc protrusion at L2-3, L3 radiculopathy, and lumbar spondylosis as compensable conditions. The Office of Judges also affirmed the claims administrator's March 4, 2014, decision which denied authorization for a right L3 nerve root block. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. White worked as a utility coal miner for Gateway Eagle. On October 21, 2013, Mr. White sought treatment from Ira Morris, M.D., his family physician, for pain in his low back and right side radiating into his right lower extremity. He complained that the pain had been ongoing

1

for two weeks, and he indicated that he hurt his back while carrying a ladder.[1] Dr. Morris also noted that his medical records included a low back injury twenty years earlier, but Mr. White stated that he had not felt any symptoms of this injury since that time. Because the origin of Mr. White's symptoms was unclear, Dr. Morris ordered a CT scan of his right hip and lumbar spine. The scan revealed multilevel degenerative disc disease which was most notable at the L2-3 and L4-5 discs. There was mild disc bulging at the L3-4 and L5-S1 discs. The scan also revealed mild spinal stenosis at the L4-5 and L5-S1 discs.

Two weeks later, on November 6, 2013, Mr. White sought treatment at Thomas Memorial Hospital Emergency Department for back pain. He admitted that he had felt pain in his back several weeks earlier, but he stated that his symptoms were improving until the previous day when he injured his back at work while lifting a box of nails onto his shoulder. Mr. White complained that his back ached and the pain radiated into his right lower extremity. Mr. White filed an application for workers' compensation benefits. The following day, Mr. White underwent an MRI which revealed multiple disc protrusions at the L2-3 and L3-4 discs. It also revealed moderate degenerative disc disease and chronic changes throughout the lumbar spine. Mr. White received treatment for several days at Thomas Memorial Hospital and was discharged when his pain was adequately controlled.

Two weeks later, Saghir R. Mir, M.D., performed an independent medical evaluation on Mr. White. He found that Mr. White had an acute lumbosacral sprain but that it was superimposed on significant pre-existing degenerative disc disease and small disc herniations at the L2-3 disc. Dr. Mir found that Mr. White had not reached his maximum degree of medical improvement and recommended that he receive four to five weeks of physical therapy. On December 16, 2013, the claims administrator held the claim compensable for a lumbar sprain. However, it excluded protrusion of the L2-3 disc as a compensable condition of the claim.

At this time, Mr. White came under the care of John R. Orphanos, M.D., who found that he had signs of lumbar radiculopathy and spondylosis. Dr. Orphanos noted that Mr. White had been to physical therapy but his pain had persisted. Dr. Orphanos recommended that Mr. White continue physical therapy but that he also receive an L3 nerve root block. On March 4, 2014, however, the claims administrator denied authorization for the requested nerve root block. David L. Soulsby, M.D., then reviewed Mr. White's records on behalf of Gateway Eagle. He believed that Mr. White's acute lumbosacral sprain was superimposed on severe pre-existing degenerative disc disease. He found that Mr. White had not reached his maximum degree of medical improvement and would benefit from continuing physical therapy. Because of the underlying pre-existing degenerative condition, Dr. Soulsby found that Mr. White would take longer to recover from the compensable injury.

Dr. Orphanos then submitted a request to add L3 radiculopathy and lumbar spondylosis as compensable conditions of the claim. Following this request, Dr. Soulsby submitted a supplemental report in which he stated that the requested L3 nerve root block was not related to

---

[1] There is no indication in Dr. Morris's treatment notes that this incident occurred at work, and Mr. White did not file an application for workers' compensation benefits based on this injury.

Mr. White's compensable injury because a lumbar sprain would not cause nerve root impingement. He believed the nerve root block was requested to treat Mr. White's pre-existing, non-compensable degenerative conditions. On June 10, 2014, the claims administrator denied the addition of right L3 radiculopathy and lumbar spondylosis as compensable conditions of the claim based on Dr. Soulsby's records review.

Dr. Orphanos, however, continued to treat Mr. White. He believed that physical therapy was making his symptoms worse. Because Mr. White failed to respond to other conservative methods, he believed that a nerve root block was necessary to treat Mr. White's pain. Dr. Mir then performed a second independent medical evaluation. He found that Mr. White had some limitation of the range of motion of his lumbar spine. He believed that the disc protrusion at the L2-3 level was pre-existing and that Mr. White did not need any additional treatment related to the compensable injury. Dr. Mir found that Mr. White had reached his maximum degree of medical improvement. On October 10, 2014, the Office of Judges affirmed the claims administrator's December 16, 2013, March 4, 2014, and June 10, 2014, decisions. The Board of Review affirmed the Order of the Office of Judges on April 30, 2015, leading Mr. White to appeal.

The Office of Judges concluded that the disc protrusion at the L2-3 level, right radiculopathy, and lumbar spondylosis were not compensable conditions of the claim. The Office of Judges found that these conditions were related to degenerative disc disease which pre-existed the compensable lumbar sprain. The Office of Judges based this finding upon the presence of severe degenerative changes at the L2-3 disc on the CT scan taken before the compensable injury. The Office of Judges further noted that the CT scan revealed small disc bulging throughout the lumbar spine. The Office of Judges also concluded that the right L3 nerve root block was not medically related and reasonably required to treat Mr. White's compensable lumbar sprain. The Office of Judges found that Mr. White had reached his maximum degree of medical improvement and that the requested treatment was more likely needed in relation to his pre-existing and non-compensable conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. White has not demonstrated that the diagnoses of protrusion at the L2-3 disc, right L3 radiculopathy, and lumbar spondylosis are causally related to his compensable lumbar sprain. The CT scan and MRI in the record demonstrate that Mr. White had significant pre-existing degenerative conditions in his lumbar spine. The treatment notes of Dr. Morris further demonstrate that his degenerative conditions were symptomatic prior to the compensable injury of November 5, 2013. Mr. White has also not shown that the request for a right L3 nerve root block is medically related and reasonably required to treat his compensable lumbar sprain. The second evaluation of Dr. Mir shows that Mr. White has reached his maximum degree of medical improvement and does not require a L3 nerve root block to treat his compensable lumbar sprain. Dr. Mir's opinion is supported by the records review of Dr. Soulsby. The evidence in the record indicates that the treatment is related to Mr. White's non-compensable degenerative conditions, and the Office of Judges was within its discretion in reaching this conclusion.

3

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 12, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II